## IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## EASTERN DIVISION

| | |
|---|---|
| WILSON SCOTT; NOEL SCOTT; WILSON SCOTT, as father and next friend of his minor son, JOHN-DAVID SCOTT; WILSON SCOTT, as father and next friend of his minor son, WALKER SCOTT; and STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) |
| ABERNATHY MOTORCYCLE SALES, INC., | ) ) ) ) |
| Defendant. | ) |

Civil Action No. 1:18-cv-1077

**JURY DEMAND**

## COMPLAINT

Plaintiffs sue Defendant Abernathy Motorcycle Sales, Inc. as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Wilson Scott is a resident and citizen of the State of Alabama residing at 493 Whitetail Trail, Hope Hull, Alabama 36043.

2. Plaintiff Noel Scott is a resident and citizen of the State of Alabama residing at 493 Whitetail Trail, Hope Hull, Alabama 36043.

LEGAL\35580675\1

3. Plaintiff Wilson Scott is the father and next friend of his minor son John-David Scott, whose date of birth is February 21, 2011.

4. Plaintiff Wilson Scott is the father and next friend of his minor son Walker Scott, whose date of birth is November 1, 2013.

5. State Auto Property and Casualty Insurance Company is an Iowa corporation with its principal place of business in Iowa.

6. Defendant Abernathy Motorcycle Sales, Inc. is a Tennessee corporation with its principal place of business at 1704 West Main Street, Union City, Tennessee 38261-1548. Defendant Abernathy may be served with process by service upon its registered agent: James R. Abernathy, II, 1704 West Main Street, Union City, Tennessee 38261-1548.

7. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between Plaintiffs and Defendant and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1381 because Defendant resides in this judicial district.

## FACTUAL ALLEGATIONS

9. At all times material to this complaint, Wilson owned and resided at a home located at 1445 Cloverfield Road, Hope Hull, Alabama, with Noel, John-David, and Walker.

10. At all times material to this complaint, State Auto provided Wilson property insurance covering his home.

11. On or about May 25, 2016, Wilson purchased from Defendant Abernathy a new 2016 Polaris RZRXP 41000 EPS all-terrain vehicle ("ATV").

12. At the time of sale, the Polaris ATV was equipped with a Wetsounds Stealth 10 sound bar installed on the ATV by Defendant Abernathy.

13. Wilson used the ATV for personal use without incident from the time of sale until May 8, 2017.

14. On May 8, 2017, Wilson opened his door to let his dog out and saw the Polaris ATV on fire in his garage.

15. At the time Wilson first observed it, the fire was confined solely to the Polaris ATV.

16. The fire quickly spread out of control and destroyed Wilson's garage and dwelling, occupied by his wife, Noel, and their children, John-David and Walker.

17. Investigation revealed that the cause of the fire was improper wiring for the Stealth 10 sound bar installed by Abernathy on the ATV.

18. The improper installation of the sound bar resulted in electrical arcing, which in turn led to the fire.

19. As a result of the fire, Wilson and Noel have sustained substantial property damage in an amount in excess of $1,000,000.

20. Wilson, Noel, John-David, and Walker were at home and within the zone of danger at the time of the fire. The fire placed Wilson, Noel, John-David, and Walker in immediate risk of physical harm, which caused them to sustain mental anguish and emotional distress.

21. Pursuant to its policy of insurance, State Auto has indemnified and continues to indemnify Wilson for property damage arising from the fire.

22. Pursuant to its contractually required indemnification of Wilson, State Auto is contractually and equitably subrogated to all claims and causes of action related to the fire, to the extent of its indemnification.

## COUNT ONE - NEGLIGENCE

23. Defendant Abernathy, as the seller of the Polaris ATV and the installer of the Stealth 10 sound bar, owed to all foreseeable persons, including

Wilson, Noel, John-David, and Walker, the duty to use reasonable care in the sale of the ATV and the installation of the sound bar.

24. Defendant Abernathy breached its duty to Wilson, Noel, John-David, and Walker by:

    A.    Failing to properly install the sound bar so that it was safe for its intended use;

    B.    Failing to properly inspect the ATV, prior to sale to ensure that the sound bar had been properly and safely installed;

    C.    Failing to employ competent and properly trained employees to install the sound bar in the Polaris ATV; and/or

    D.    Other acts or omissions as discovery may reveal.

25. As a direct, proximate, and foreseeable result of Defendant Abernathy's breach of duty and negligence, Wilson, Noel, John-David, Walker, and State Auto have suffered the previously described damages.

26. The substantive law of the State of Alabama applies to this Count.

### COUNT TWO - LIABILITY UNDER THE ALABAMA EXTENDED MANUFACTURER'S LIABILITY DOCTRINE (AEMLD)

27. Defendant Abernathy is engaged in the business of selling all-terrain vehicles such as the one that it sold to Wilson, including all-terrain vehicles with sound bars installed by Abernathy.

5

28. The all-terrain vehicle with the sound bar installed by Abernathy was expected to be delivered, and was delivered, to Wilson without substantial change in the condition in which it was sold.

29. Wilson, Noel, John-David, and Walker suffered damages to themselves and to their property because the all-terrain vehicle was sold in a defective and unreasonably dangerous condition, specifically it was sold with an improperly and negligently installed sound bar that presented a risk of fire.

30. As a direct, proximate, and foreseeable result of Defendant Abernathy's sale of a defective and unreasonably dangerous all-terrain vehicle to Wilson, Wilson, Noel, John-David, Walker, and State Auto have suffered the previously described damages.

31. The substantive law of the State of Alabama applies to this Count.

## **COUNT THREE - WANTONNESS**

32. Defendant Abernathy knew that the installation of the sound bar in the all-terrain vehicle sold to Scott presented an eminent danger of electrical arcing and fire if not installed properly.

33. Defendant Abernathy's improper installation of the sound bar in the all-terrain vehicle sold to Wilson constituted a reckless and conscious disregard for the rights and safety of Wilson, Noel, John-David, and Walker.

34. As a direct, foreseeable, and proximate result of Defendant Abernathy's wanton, reckless, and conscious disregard for the rights and safety of Wilson, Noel, John-David, and Walker, they and State Auto have suffered the previously described damages.

35. The substantive law of the State of Alabama applies to this Count.

## **COUNT FOUR – BREACH OF IMPLIED WARRANTY**

36. Pursuant to its sale of the all-terrain vehicle to Scott, Abernathy impliedly warranted that the vehicle would be free of defects and would be merchantable and fit for the particular purpose of which it was sold.

37. The-all-terrain vehicle sold by Abernathy to Scott contained a defect when it was sold and delivered to Scott; specifically, it contained a defectively installed sound bar that presented a risk of fire.

38. As a direct, proximate, and foreseeable result of Defendant's breach of implied warranties, Wilson, Noel, John-David, Walker, and Sate Auto have suffered the previously described damages.

WHEREFORE, Plaintiffs Wilson, Noel, John-David, Walker, and State Auto pray that:

A. Process issue and be served upon Abernathy Motorcycle Sales, Inc. compelling it to appear and answer this Complaint;

B. Plaintiffs have judgment in their favor and against Defendant for their actual damages, plus all costs, expenses and interest as allowed by law; and

C. Plaintiffs have all other relief allowed by law and equity.

D. Plaintiffs demand a jury to try this cause.

          s/ Matthew W. McInteer
          Matthew W. McInteer
          Tenn. BPR No. 022923
          Bell, McCann & McInteer, PLC
          2809 12th Avenue South
          Nashville, TN 37204
          Telephone: (615) 724-6200
          Facsimile: (615) 829-8440
          matthew@b2mlaw.com