**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| **WILSON SCOTT; NOEL SCOTT; WILSON SCOTT, as father and next friend of his minor son, JOHN-DAVID SCOTT; WILSON SCOTT, as father and next friend of his minor son, WALKER SCOTT; and STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY,** ) ) ) ) ) ) ) ) | **No. 1:18-cv-01077-STA-jay** |
| **Plaintiffs,** ) | |
| **v.** ) | |
| **ABERNATHY MOTORCYCLE SALES, INC.,** ) ) ) | |
| **Defendant.** ) | |

## ORDER GRANTING MOTION FOR SANCTIONS

Before the Court is Plaintiff State Auto Property and Casualty Insurance Company's Motion for Sanctions (ECF No. 75) filed on January 14, 2020. State Auto seeks an award of monetary sanctions against Defendant Abernathy Motorcycle Sales, Inc. for the company's failure to have a corporate representative or a representative of its insurer in attendance at a mediation scheduled by the parties for January 7, 2020. Abernathy opposes an award of sanctions. For the reasons set forth below, however, State Auto's Motion is **GRANTED**.

## **BACKGROUND**

Plaintiffs Wilson and Noel Scott filed this action for property damage they sustained as a result of allegedly faulty wiring on an ATV Plaintiffs purchased from Defendant Abernathy Motorcycle Sales, Inc. The Complaint alleges that faulty wiring on a voltage regulator installed

on the ATV caused electrical arcing, which in turn caused the ATV to catch fire.  As part of the Third Amended Scheduling Order (ECF No. 64), the Court ordered the parties to engage in mediation before January 30, 2020.  Plaintiff State Auto, which has indemnified the Scotts for their property damage and asserts a contractual right to subrogation for any recovery the Scotts may obtain in this action, now seeks an award of sanctions.  For cause State Auto asserts that Abernathy failed to have a corporate representative or a representative from its insurer present for the January 7, 2020 mediation.  Although the mediation took place, the parties did not reach a settlement.  State Auto argues that the Court's Plan for Alternative Dispute Resolution requires all named parties to attend any mediation as well as representatives of an insurer, if the insurer's agreement is required for settlement.  State Auto seeks the expenses incurred by its representative and its attorney to attend the mediation, a total of $1,038.42 of travel expenses.

Abernathy opposes the request for sanctions.  Counsel for Defendant concedes that neither a corporate representative nor a representative of Abernathy's insurer attended the mediation.  Counsel explains that their absence was a result of his error.  More specifically, counsel believed that a letter confirming the January 7 mediation had been addressed to the representatives, when in fact it had not.  The representatives did not learn of the mediation until the night before the mediation was to take place.  Counsel adds that the insurer's representative was available to participate in the mediation by telephone.  Defendant asserts that the mediation was unsuccessful because of a genuine dispute between the parties, and not because of the absence of the representatives at the mediation.  Under the circumstances, Defendant argues that the failure to comply with the ADR plan was not willful and therefore should not warrant a monetary sanction.

## ANALYSIS

The issue presented is whether sanctions are merited for Abernathy's failure to have a corporate representative or a representative of its insurer attend the mediation in person. It is undisputed that the representatives failed to attend the mediation and that the Local Rules of Court required their personal attendance. Section 5.8(a) of the Court's Plan for Alternative Dispute Resolution is clear that all parties to an action must attend mediation in person. For corporations like Abernathy, that means persons "with authority to settle and who are knowledgeable about the facts and circumstances of the case and the claims being made." ADR Plan § 5.8(a)(1). For an insurance company, that means any person whose "agreement is necessary to achieve a settlement." *Id*. at § 5.8(c).[1] In this case, Abernathy did not produce a corporate representative with settlement authority and knowledge of the Scotts' claims against the company. Abernathy's insurer made a representative available by telephone. Although the ADR plan allows a person to attend a mediation by telephone, participation other than in person attendance is only permitted with advance notice to the mediator and the other parties, which did not occur in this case. *See* ADR plan § 5.8(e) & (f). The Court would hasten to add that it credits counsel for Defendant's explanation that the representatives' failure to attend was not willful or intentional but rather a matter of miscommunication. The fact remains that Abernathy violated the requirements of the ADR plan by not having its representatives present for the January 7 mediation. Under the circumstances, some sanction against Abernathy is warranted.

---

[1] Defendant argues that the presence of its insurance representative by phone allowed the parties to attempt a mediation of their dispute. Be that as it may, the personal attendance of an insurance company's representative is mandatory if the parties to an action need that person's agreement to settle. Defendant does not deny that the agreement of its insurer is needed to settle in this case or that Defendant did not seek advance approval for the insurer to participate in the mediation by telephone. It follows that the representative's attendance was mandatory.

Section 2.3 of the ADR plan authorizes the Court to impose sanctions for a party's failure to comply with the plan, without regard to whether the party's violation of the plan was intentional or inadvertent. While it is true that the ADR plan does not spell out what sanctions are available to the Court, the Federal Rules of Civil Procedure give district courts broad authority to impose sanctions, particularly an award of costs, for even negligent violations of court orders and rules. *See* Fed. R. Civ. P. 16(f) (making an award of attorney's fees and costs mandatory for a party's failure to obey a scheduling order or attend a scheduling or pretrial conference); Fed. R. Civ. P. 26(g)(3) (requiring a district court to impose sanctions for improper discovery certifications made without "substantial justification"); Fed. R. Civ. P. 37(b)(2) (enumerating a list of sanctions available to a district court for a party's discovery abuse). The Court finds that an award of State Auto's costs is proper in this case. State Auto has shown that its representative and its outside counsel incurred travel expenses in the total amount of $1,038.42. State Auto has not requested any other monetary sanction such as attorney's fees or any other costs associated with the January 7 mediation. An award of travel expenses strikes the right balance between the need to enforce the personal attendance requirement of the ADR plan with the fact that Abernathy's failure to attend was not intentional.

Abernathy argues that an award of costs is not justified. The parties were able to proceed with mediation despite the representatives' failure to attend the mediation in person. According to Abernathy, the absence of these representatives did not alter the outcome of the mediation, and the parties were unsuccessful only because of their bona fide dispute. But it strikes the Court that this is perhaps a hindsight evaluation of the prospects for mediation or the effect the representatives' absence had on the process. Abernathy's assessment does not change the fact

that the representatives did not attend in violation of the ADR plan or make an advance request to be excused from the personal attendance requirement.

Furthermore, the Court is not persuaded by Abernathy's argument by analogy to a case where a Magistrate Judge denied a plaintiff an award of fees and costs against a defendant after the Court set aside a default judgment. In *Jack Tyler Engineering Co. v. Colfax Corp.*, No. 10-cv-02373-STA-cgc, 2012 WL 370563 (W.D. Tenn. Feb. 3, 2012), the United States Magistrate Judge was initially assigned to the case as the presiding judge and entered a default judgment against the defendant after the defendant failed to answer the complaint. Once the defendant successfully moved to set aside the default judgment, in part because the Magistrate Judge lacked jurisdiction to enter the judgment, the Magistrate Judge denied the plaintiff an award of fees and costs based on the defendant's negligent failure to answer the complaint, reasoning that the defendant's negligent conduct did not support a sanction. The Court simply finds that the *Jack Tyler Engineering* case is factually and procedurally distinguishable and therefore has little persuasive value here.

Finally, Abernathy has raised the issue of State Auto's failure to consult with counsel prior to filing its Motion for Sanctions. As Abernathy correctly notes, Local Rule of Court 7.2(a)(1)(B) requires a party filing a motion first to consult with opposing counsel about the relief sought. Local R. 7.2(a)(1)(B). While the consultation requirement is clear and unambiguous, denial of the motion for failure to consult is purely discretionary under the Local Rules. *Id.* (stating that the failure to consult "may be deemed" good grounds to deny a motion). In this case both parties have now stated their positions on the record and been heard on the matter. Conferring with opposing counsel at this juncture, particularly on whether opposing

counsel should be subject to sanctions, would not further the purposes of the Local Rules' consultation requirement.

## <u>CONCLUSION</u>

State Auto's Motion for Sanctions is **GRANTED**. The Court awards State Auto its travel expenses for the January 7, 2020 mediation in the amount of $1,038.42.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: February 12, 2020.