# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| WILSON SCOTT; NOEL SCOTT; WILSON SCOTT, as father and next friend of his minor son, JOHN-DAVID SCOTT; WILSON SCOTT, as father and next friend of his minor son, WALKER SCOTT; and STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | No. 1:18-cv-01077-STA-jay |
| Plaintiffs, | |
| v. | |
| ABERNATHY MOTORCYCLE SALES, INC., | |
| Defendant. | |

## ORDER GRANTING DEFENDANT'S MOTION FOR LEAVE TO CONDUCT SUPPLEMENTAL DEPOSITION

Before the Court is Defendant Abernathy Motorcycle Sales, Inc.'s Motion for Leave to Conduct Supplemental Deposition (ECF No. 78) filed on March 3, 2020. Plaintiffs Wilson Scott, Noel Scot, and State Auto Property and Casualty Insurance Company have responded in opposition. For the reasons set forth below, the Motion is **GRANTED**.

## BACKGROUND

Plaintiffs Wilson and Noel Scott filed this action for property damage they sustained as a result of allegedly faulty wiring on a Polaris ATV Plaintiffs purchased from Defendant Abernathy Motorcycle Sales, Inc. In their initial Complaint (ECF No. 1), Plaintiffs alleged that Defendant had installed a Bluetooth soundbar accessory on the ATV and improperly wired the soundbar to the ATV's starter solenoid. Plaintiffs further alleged that the fault in the soundbar wiring caused

electrical arcing, which in turn caused the ATV to catch fire. Defendant denied the allegations. The Court entered a Rule 16(b) scheduling order on August 17, 2018, and the parties proceeded with discovery. During the course of the initial phase of discovery, the parties disclosed expert opinions about the cause of the fire. Plaintiffs disclosed the opinions of two witnesses, Jeff Morrill and Perry Hopkins, both of whom opined that the fire resulted from a wire from the soundbar attached to the starter solenoid. Defendant's experts, however, opined that the wiring in question could not have come from the soundbar; the wire did not match the wire used in the manufacture and production of the accessory. Hopkins sat for a deposition on March 11, 2019, and admitted in his testimony that the wire he had identified as the cause of the fire was not from the soundbar. Having gained this concession, Defendant questioned Hopkins for approximately 30 minutes before concluding the deposition.

After Plaintiffs' opinion witnesses conceded that the wire did not match the wiring for the soundbar, Plaintiffs amended their pleadings and sought an extension of the schedule to develop a new theory about the source of the wiring. According to Plaintiffs' Second Amended Complaint (ECF No. 60)[1], the wiring was associated with a manufacturer's recall to replace the ATV's voltage regulator, a repair performed by Defendant. Plaintiffs obtained evidence from the manufacturer during this second discovery phase to show that the wiring was from the voltage regulator.[2] Plaintiffs also supplemented Morrill's expert disclosure to reflect his revised opinion about the voltage regulator wiring and served Defendant with the supplement on April 22, 2019.

---

[1] Plaintiffs had filed a First Amended Complaint on October 16, 2018, just to correct a date in the pleading. The amendment did not alter the substance of Plaintiffs' claims about the wiring of the soundbar being the cause of the fire and their property damage.

[2] As part of this second phase of the case, the Court granted Defendant leave to file a third-party complaint against the manufacturer. Order Granting Mot. for Leave to File Third-Party Compl. (ECF No. 67), July 29, 2019. Defendant ultimately elected not to amend its pleadings.

2

To date Plaintiffs have not supplemented Hopkins' report. Under the latest schedule for completing discovery, the parties had until March 24, 2020, in which to complete all discovery and supplement any their discovery responses.

In the Motion now before the Court, Defendant seeks leave to depose Hopkins a second time and question him about the voltage regulator wiring. Defendant argues that since the first deposition of Hopkins, Plaintiffs have amended their pleadings and altered their theory of the case. Granting Defendant an opportunity to question Hopkins about Plaintiffs' new theory is consistent with Rule 26 of the Federal Rules of Civil Procedure and equitable under the circumstances. Plaintiffs oppose a second deposition. Plaintiffs argue that Hopkins has not supplemented his initial report and that Defendant had a fair opportunity to ask Hopkins about his opinion concerning how the wiring caused arcing and resulted in the ATV catching fire. Defendant chose only to ask Hopkins about the origin of the wire itself, and not any of the other opinions contained in Hopkins' report.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 30(a) requires a party to obtain leave of court before noticing a deposition if the parties to the case have not stipulated to the deposition and "the deponent has already been deposed in the case." Fed. R. Civ. P. 30(a)(2)(A)(ii).[3] "Generally, courts disfavor repeat depositions absent a showing of a need or good reason." *Bilderback v. Barnhart Crane and Rigging*, No. 04-2951-BBD, 2007 WL 9711096, at *1 (W.D. Tenn. Nov. 14,

---

[3] According to the Advisory Committee Notes to the 1993 amendments to Rule 26, the limitation on second depositions "does not apply when a deposition is temporarily recessed for convenience of counsel or the deponent or to enable additional materials to be gathered before resuming the deposition." Adv. Comm. Notes to 1993 am., Fed. R. Civ. P. 26. There is no indication that the parties suspected or recessed the first Hopkins deposition for any of these reasons.

3

2007) (citing *Dixon v. Certainteed Corp.*, 164 F.R.D. 685, 690 (D. Kan. 1996)). Nevertheless, Rule 30(a) requires a court to grant leave to conduct a second deposition, as long as doing so is consistent with Federal Rule of Civil Procedure 26(b)(1) and (2). Fed. R. Civ. P. 30(a)(2)(A)(ii). Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . ." Fed. R. Civ. P. 26(b)(1). Rule 26(b)(2) grants district courts the "discretion to limit the scope of discovery where the information sought is overly broad or would prove unduly burdensome to produce." *Anwar v. Dow Chem. Co.*, 876 F.3d 841, 854 (6th Cir. 2017) (citing *Surles ex rel. Johnson v. Greyhound Lines, Inc.*, 474 F.3d 288, 305 (6th Cir. 2007). Under Rule 26(b)(2)(C), a district court must limit the scope of discovery, including the second deposition of a witness, if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; or
>
> (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1).
>
> Fed. R. Civ. P. 26(b)(2)(C).

In the final analysis, "[l]ike most discovery disputes, the availability of a second deposition is left to the discretion of the trial court." *Graves v. Shelby Cnty. Bd. of Ed.*, No 2:14-cv-2992-dkv, 2015 WL 13116991, at *2 (W.D. Tenn. Sept. 11, 2015) (citing *Nellcor Puritan Bennett LLC v. CAS Med. Sys., Inc.*, No. 2:11-CV-15697, 2013 WL 3242960, at *3 (E.D. Mich. June 26, 2013)).

## **ANALYSIS**

The Court finds good cause to grant Defendant the opportunity to depose Perry Hopkins a second time. For purposes of Rule 26(b)(2)(C)(i), deposing Hopkins again will not be unduly cumulative or duplicative, and his testimony cannot be obtained from another source. It is true

4

that Defendant has already deposed Hopkins and chose not to question him about all of the opinions found in his expert report. It is also true that Hopkins has not supplemented his initial report. In fact, Defendant questions whether Plaintiffs still intend to call Hopkins at trial. And yet it is also true that Plaintiffs have materially altered the nature of their claims and their allegations about the origin of the wiring on the starter solenoid. Plaintiffs have filed an amended pleading to state their new theory of the case that the wiring originated with recall work to repair the ATV's voltage regulator. The parties have now engaged in another round of fact discovery based on these new allegations. All of this has occurred since the first Hopkins deposition. The Court cannot say then that it would be cumulative or duplicative to permit Defendant to depose Hopkins a second time. For similar reasons, the Court cannot say for purposes of Rule 26(b)(2)(C)(ii) that Defendant already had the opportunity to question Hopkins about the voltage regulator wiring. Finally, the second deposition appears to be relevant and within the scope of Rule 26(b)(1). None of the factors for limiting discovery under Rule 26(b)(2) are met here. Therefore, Defendant has shown good cause for a second chance to depose Hopkins.

Plaintiffs object that some of Defendant's own litigation strategy occasioned the circumstances the parties now confront and that Defendant should not be allowed to re-depose Hopkins on matters that were already covered in the first deposition. Plaintiffs describe in some detail a discovery dispute from the first phase of discovery in the case. The Court finds it unnecessary to revisit the parties' dispute from late 2018, when so much has changed in the intervening months to alter the complexion of the case. Following the first Hopkins deposition, Plaintiffs discovered new evidence that the wiring attached to starter solenoid originated with a voltage regulator, and not a soundbar. This newly discovered evidence resulted in a significant

amendment to Plaintiffs' pleadings and required a second discovery phase. All of this justifies allowing Defendant to re-depose Hopkins now.

The Court does agree that Defendant should not engage in a line of questioning in the second deposition that simply duplicates questioning from the first deposition. "When they allow a second deposition, courts often limit the scope of the second deposition to issues not covered in the first deposition." *Bilderback*, 2007 WL 9711096, at *1 (citing *See e.g., Perry v. Kelly-Springfield Tire Co.*, 117 F.R.D. 425, 426 (N.D. Ind. 1987)). The Court need not decide the precise scope of the questioning to be allowed during a second deposition. It appears to be undisputed that Hopkins' first deposition was relatively brief and focused on ruling out the soundbar as the source of the wiring. Defendant is cautioned that counsel's questioning during a second deposition should avoid questions that were already asked by Defendant and answered by Hopkins during the first deposition.

## **CONCLUSION**

Defendant's Motion for Leave to Conduct a Supplemental Deposition of Plaintiff's expert Perry Hopkins is **GRANTED**. Defendant has requested leave to depose Hopkins within fourteen days from the entry of this order. In light of the current public health crisis concerning Covid-19, counsel are ordered to confer about a mutually agreeable date for taking the deposition as well as any and all alternative means of safely conducting and recording the deposition. The parties should file a status report on these matters with the Court within seven days of the entry of this order.

**IT IS SO ORDERED.**

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: April 3, 2020