IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| WILSON SCOTT; NOEL SCOTT; WILSON SCOTT, as father and next friend of his minor son, JOHN-DAVID SCOTT; WILSON SCOTT, as father and next friend of his minor son, WALKER SCOTT; and STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br>  Plaintiffs, <br> v. <br><br> ABERNATHY MOTORCYCLE SALES, INC., <br><br>  Defendant. | No. 1:18-cv-01077-STA-jay |

## ORDER GRANTING DEFENDANT'S MOTION TO MODIFY SCHEDULING ORDER

Before the Court is Defendant Abernathy Motorcycle Sales, Inc.'s Motion to Modify Scheduling Order (ECF No. 91) filed July 29, 2020. Plaintiffs Wilson Scott, Noel Scott, and State Auto Property and Casualty Insurance Company have responded in opposition. Under the current case management deadlines set by the Court, the parties had until April 23, 2020, in which to file dispositive motions. Defendant now argues that good cause exists to extend the dispositive motion deadline to August 11, 2020. According to Defendant, the Covid-19 public health crisis prevented the parties from completing expert depositions in March 2020. The parties agreed to reschedule the deposition of Defendant's opinion witness Jeffrey Morrill in July 2020. Defendant contends that it could not file its dispositive motion without the deposition testimony of Morrill. Defendant notes that the extension it requests will not affect the judicial settlement conference before the

United States Magistrate Judge on August 14 or prejudice Plaintiffs.  Plaintiffs oppose the request, arguing that Defendant had ample time to depose Morrill before the onset of the Covid-19 crisis.  Plaintiffs contend that Defendant cannot show that it acted diligently.

Federal Rule of Civil Procedure 16(b)(4) states that a scheduling order can be modified only on a showing of good cause and with the court's consent.  *Prewitt v. Hamline Univ.*, 764 F. App'x 524, 530 (6th Cir. 2019) (citing Fed. R. Civ. P. 16(b)(4)).  The Sixth Circuit has explained that "[t]he primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Bank of Am., N.A. v. Corporex Realty & Investment Corp.*, 661 F. App'x 305, 317 (6th Cir. 2016) (quoting *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).  The Court finds that Defendant has shown good cause for the extension of the dispositive motion deadline.  It is undisputed that the parties had scheduled Morrill's deposition for March 2020 but were only able to take it in July 2020 due to the Covid-19 pandemic, a circumstance beyond either side's control.  The public health crisis recently necessitated a district-wide continuance of all jury trials in both civil and criminal cases, including this case.  The Court has not reset the trial date and has referred the case to the United States Magistrate Judge for a settlement conference.  An extension of the dispositive motion deadline will not affect the trial or the orderly progress of the case.  Under the circumstances, good cause exists to give the parties additional time to file dispositive motions.  Therefore, Defendant's Motion is **GRANTED**.  Motions are due on or before August 11, 2020.

    **IT IS SO ORDERED.**

    s/ S. Thomas Anderson
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

    Date: August 6, 2020