# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# EASTERN DIVISION

| | |
|---|---|
| WILSON SCOTT; NOEL SCOTT; WILSON SCOTT, as father and next friend of his minor son, JOHN-DAVID SCOTT; WILSON SCOTT, as father and next friend of his minor son, WALKER SCOTT; and STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, <br><br> Plaintiffs, <br><br> v. <br><br> ABERNATHY MOTORCYCLE SALES, INC., <br><br> Defendant. | No. 1:18-cv-01077-STA-jay |

## ORDER DENYING PLAINTIFFS' MOTION TO EXCLUDE

Before the Court is Plaintiffs Wilson Scott, Noel Scott, and State Auto Property and Casualty Insurance Company's Motion to Exclude the Supplemental Report of Rick Eley (ECF No. 83) filed on April 17, 2020. Defendant Abernathy Motorcycle Sales, Inc. has responded in opposition. For the reasons set forth below, the Motion is **DENIED**.

## BACKGROUND

Plaintiffs Wilson and Noel Scott filed this action for property damage they sustained as a result of allegedly faulty wiring on a Polaris ATV Plaintiffs purchased from Defendant Abernathy Motorcycle Sales, Inc. In their initial Complaint (ECF No. 1), Plaintiffs alleged that Defendant had installed a Bluetooth soundbar accessory on the ATV and improperly wired the soundbar to the ATV's starter solenoid. Plaintiffs further alleged that the fault in the soundbar wiring caused

electrical arcing, which in turn caused the ATV to catch fire. The fire resulted in the destruction of Plaintiffs' home and the loss of the contents of the home. Defendant denied liability for the wiring and the fire damage to Plaintiffs' property. The Court entered a Rule 16(b) scheduling order on August 17, 2018, and the parties proceeded with discovery.

During the course of the initial phase of discovery, the parties disclosed expert opinions about the cause of the fire. Plaintiffs disclosed the opinions of two witnesses, Jeff Morrill (a fire investigator) and Perry Hopkins (an electrical engineer), both of whom opined that the fire resulted from a wire from the soundbar attached to the starter solenoid. Defendant disclosed the opinions of its own fire investigator, Rick Eley, and electrical engineer, Clifford Capps. Defendant's opinion witnesses opined that the wiring in question could not have come from the soundbar because the wire did not match the wire used in the manufacture and production of the accessory. Plaintiffs' electrical expert Perry Hopkins sat for a deposition on March 11, 2019, and admitted that the wire he had identified as the cause of the fire was not from the soundbar.

After Plaintiffs' opinion witnesses conceded that the wire did not match the wiring for the soundbar, Plaintiffs amended their pleadings and sought an extension of the schedule to develop a new theory about the source of the wiring. According to Plaintiffs' Second Amended Complaint (ECF No. 60)[1], the wiring was associated with a manufacturer's recall to replace the ATV's voltage regulator, a repair performed by Defendant. Plaintiffs obtained evidence from the manufacturer during this second discovery phase to show that the wiring was from the voltage

---

[1] Plaintiffs had filed a First Amended Complaint on October 16, 2018, just to correct a date in the pleading. The amendment did not alter the substance of Plaintiffs' claims about the wiring of the soundbar being the cause of the fire and their property damage.

regulator.[2]  As part of the second phase of the case, the parties scheduled the deposition of Rick Eley, Defendant's fire investigator, for March 18, 2020.  Even though Defendant had disclosed Eley's initial Rule 26 expert report back on February 28, 2019, Plaintiffs had not deposed Eley during the initial discovery period.  On the eve of Eley's March 2020 deposition, Defendant served what was styled as Eley's supplemental report.

Plaintiffs now seek an order excluding Eley's March 2020 supplement as an untimely rebuttal report.  Plaintiffs argue that Eley's new report does not meet the definition of a "supplemental report" because it does not correct incomplete or inaccurate information contained in his initial report.  In Plaintiffs' view, the report is a point-by-point rebuttal of the opinions offered by their own fire expert, Jeffrey Morrill.  Rule 26 allows rebuttal reports but requires the party serving a rebuttal to do so within 30 days of receiving the expert report that the rebuttal report is intended to counter.  In this case Morrill prepared and Plaintiffs served his supplemental report in April 2019.  Under Rule 26, Eley's rebuttal report was due in May 2019.  Under the circumstances, Eley's March 2020 report constitutes an untimely rebuttal report.  Therefore, the Court should exclude the report as an untimely disclosure under Rule 37.

Defendant has responded in opposition.  Defendant has explained by way of background that Eley's March 2020 report contained new information based on Eley's inspection of an exemplar ATV in February 2020.  The information in the March 2020 report was therefore not available at the time Eley prepared his initial report in 2019.  In fact, counsel for Defendant states that he produced Eley's report within an hour of receiving it from Eley's office.  And nothing in the March 2020 report altered Eley's ultimate opinions about the source of the fire.  Defendant

---

[2] As part of this second phase of the case, the Court granted Defendant leave to file a third-party complaint against the manufacturer.  Order Granting Mot. for Leave to File Third-Party Compl. (ECF No. 67), July 29, 2019.  Defendant ultimately elected not to amend its pleadings.

also disputes Plaintiffs' characterization that the March 2020 report is essentially a rebuttal of Morrill's supplemental report. Defendant argues then that Eley's March 2020 report is properly considered a supplement to his original report.

## **STANDARD OF REVIEW**

Federal Rule of Evidence 702 permits a witness "who is qualified as an expert by knowledge, skill, experience, training, or education" to give opinion testimony if the following conditions are met: "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Evid. 702. Federal Rule of Civil Procedure 26(a)(2) requires a party to disclose the identity of any expert it intends to call at trial pursuant to Federal Rule of Evidence 702 as well as a written report prepared and signed by the opinion witness. Fed. R. Civ. P. 26(a)(2)(A). Among other things the witness's report must contain "a complete statement of all opinions the witness will express and the basis and reasons for them" and "the facts or data considered by the witness in forming" the opinions. Fed. R. Civ. P. 26(a)(2)(B).

Rule 26 also governs the timing and supplementation of expert disclosures. Rule 26(a)(2)(D) requires a party to provide its expert disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Generally speaking, a party must supplement or correct a disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1). The duty to supplement applies to expert reports and requires the

proponent of the witness's opinions to supplement "information included in the report" and "information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2).

Rule 37(c)(1) provides for sanctions for a party's failure to disclose or supplement an expert opinion. The default position under Rule 37 is that the party cannot use the opinion testimony at trial "unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Rule 37 permits a district court to consider other sanctions, either in addition to or in lieu of exclusion: ordering a party to pay the reasonable expenses incurred by the other party as a result of the failure to disclose or supplement; instructing the jury on the failure and permit it to draw an appropriate adverse inference; and imposing any other sanction authorized under certain subparagraphs of Rule 37(b). *Id*. The district court ultimately has the discretion about how to sanction a party for the failure to disclose or supplement.

## **ANALYSIS**

The issue presented is whether Defendant satisfied its duty to make a timely disclosure of Eley's second Rule 26(a)(2) report in March 2020. Several points are not really in dispute and bear emphasis here. The original Scheduling Order (ECF No. 19) gave the parties until March 20, 2019, to complete all discovery, including the disclosure and depositions of their expert witnesses. Each side disclosed an expert in fire investigation: Jeffrey Morrill for Plaintiffs and Rick Eley for Defendant. Defendant disclosed Eley's initial report in February 2019. By the close of the initial discovery period, Defendant's experts had opined, and Plaintiffs' experts had conceded, that the allegedly faulty wiring on Plaintiffs' ATV could not have originated with a soundbar accessory installed by Defendant. At that point the Court granted Plaintiffs an initial 90-day extension of the discovery period to further develop the facts surrounding the specific wire in question. *See* Order Granting Pls.' Mot. to Modify Sched. Order Mar. 22, 2019 (ECF No. 54). During this extended

first phase of discovery, Plaintiffs disclosed a supplemental report from Morrill in April 2019, opining that the faulty wire originated from the ATV's voltage regulator, not the soundbar. *See* Morrill Supp. Rep. Apr. 22, 2019.

The Court ultimately granted Plaintiffs leave to file an amended pleading to advance their modified theory of the wire's origin and gave the parties nearly nine months more to engage in a second phase of discovery with a final deadline for completing all discovery by March 2020. *See* Third Amended Scheduling Order July 1, 2019 (ECF No. 64). No further modifications of the schedule have occurred since that time. Under the current case management schedule, Plaintiffs had until January 24, 2020, and Defendant until February 24, 2020, in which to disclose expert witnesses. Both parties then had until March 24, 2020, to supplement their disclosures. *Id*. Defendant's disclosed Eley's additional conclusions on March 17, 2020.

The only question then is whether Eley's latest report is properly considered a "supplement" to his original report or a "rebuttal" of Morrill's April 2019 report addressed to the same issues, the cause of the fire on Plaintiffs' ATV. The Court finds that Eley's March 2020 report qualifies as a supplement to his initial report. Generally speaking, "changes in the opinions expressed by the expert whether in the report or at a subsequent deposition are subject to a duty of supplemental disclosure under [Rule 26](e)(1)." *Pickens v. Dowdy*, No. 17-cv-2205-TMP, 2018 WL 3717114, at *1 (W.D. Tenn. Aug. 2, 2018) (quoting Fed. R. Civ. P. 26 advisory committee's note to 1993 amendment). Rule 26(e) requires an expert to supplement an earlier opinion "(1) to correct an error or inaccuracy; (2) to respond to an opposing expert pointing out gaps in the supplementing expert's chain of reasoning; or (3) to reflect an expert's changed opinion." *Hoskins Oil Co., LLC v. Equilon Enters., LLC*, No. 3:16-CV-417-JRG-DCP, 2019 WL 691394, at *2 (E.D.

Tenn. Feb. 19, 2019) (citing *Eiben v. Gorilla Ladder Co.*, No. 11-CV-10298, 2013 WL 1721677, at *6 (E.D. Mich. Apr. 22, 2013)).

Eley's latest report addressed the changed nature of Plaintiffs' own theory about the source of the wiring found in the ATV and disclosed previously undisclosed facts. It appears that Eley did not actually change his ultimate conclusions about the origin of the fire. Defendant has shown though that Eley's March 2020 report included new information based on Eley's inspection of an ATV like the one Plaintiffs had purchased from Defendant. One of Rule 26(a)(2)'s disclosure requirements includes "the facts or data considered by the witness in forming" his opinions. Fed. R. Civ. P. 26(a)(2)(B). Eley had a duty then to supplement his report to include any new information he had gleaned from his inspection of the exemplar ATV in February 2020 and explain how the new information shaped his opinions. In sum, Eley's supplement provided new information that Eley did not have at the time of his first expert report and was also responsive to Morrill's supplemental report.

Plaintiffs counter that Eley's was purely a "rebuttal" report and that Rule 26 required Defendant to disclose it within 30 days of Plaintiffs' own disclosure of Morrill's supplemental report back in April 2019. But Plaintiffs' position is not entirely convincing. The Court amended the expert disclosure deadlines in July 2019 to give both parties additional time for discovery after Plaintiffs had altered their theory of the case. Even though Plaintiffs had disclosed Morrill's supplemental report in April 2019, the Third Amended Scheduling Order went on to establish new deadlines for each side's expert disclosures and gave Defendant until March 24, 2020, in which to supplement Eley's initial report. In the parlance of Rule 26(a)(2)(D), the current schedule set the timing and sequence of expert disclosures for the case. *See* Fed. R. Civ. P. 26(a)(2)(D) ("A party must make these disclosures at the times and in the sequence that the court orders.").

Rule 26(a)(2)(D)'s goes on to provide for alternative requirements for the timing and sequence of expert disclosures and supplementation, one of which addresses rebuttal reports. Rule 26(a)(2)(D)(ii) gives a party 30 days to disclose an expert whose opinion testimony "is intended solely to contradict or rebut evidence on the same subject matter identified by another party." *Id*. However, Rule 26(a)(2)(D)(ii)'s additional requirement that a rebuttal report be served within 30 days only applies when a court has not set expert disclosure deadlines in its scheduling order. *See* Fed. R. Civ. P. 26(a)(2)(D) ("*Absent a* stipulation or *court order*, the disclosures must be made . . . [at default times set by Rule 26].") (emphasis added); *see also Karum Holdings LLC v. Lowe's Cos., Inc.*, 895 F.3d 944, 951 (7th Cir. 2018); *Lutz v. Glendale Union High Sch.*, 403 F.3d 1061, 1071 (9th Cir. 2005) (holding that Rule 26(a)(2)(D)(i)'s 90–day rule "applies only '[i]n the absence of other directions from the court'").[3] Because the Court had set deadlines for expert discovery in the Third Amended Scheduling Order, Rule 26(a)(2)(D)(ii)'s alternate timing for rebuttal reports did not apply. And because Defendant served Plaintiffs with a copy of Eley's supplemental report before the deadline set by the Court, Defendant supplemented Eley's opinions in a timely fashion.

## CONCLUSION

---

[3] After all, the Rules of Procedure do not specifically require a district court to set deadlines for expert disclosures as part of an overall plan for discovery and trial preparation. *See* Fed. R. Civ. P. 16(b)(3) (requiring the entry of a scheduling order with deadlines to "limit the time to join other parties, amend the pleadings, complete discovery, and file motions" but only permitting the order to "modify the timing of disclosures under Rules 26(a) and 26(e)(1)").

Even so, district courts are typically expected to include deadlines for expert disclosures and supplementation in a Rule 16(b) scheduling order. Fed. R. Civ. P. 26, advisory committee notes to 1993 amendments ("Normally the court should prescribe a time for these disclosures in a scheduling order under Rule 16(b) . . . . In the absence of such a direction, the disclosures are to be made by all parties at least 90 days before the trial date or the date by which the case is to be ready for trial except that an additional 30 days is allowed (unless the court specifies another time) for disclosure of expert testimony to be used solely to contradict or rebut the testimony that may be presented by another party's expert.").

Plaintiffs' Motion to Exclude the Supplemental Report of Rick Eley must be **DENIED**. Defendants' service of the report complied with Rule 26 as well as the case management deadlines previously set by the Court.

**IT IS SO ORDERED.**

    **s/ S. Thomas Anderson**
    S. THOMAS ANDERSON
    CHIEF UNITED STATES DISTRICT JUDGE

Date:  March 4, 2021.